IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 05-CIV-22618-COOKE/BROWN

AISHA, *et al.*,

    *Plaintiffs*,

vs.

MADONNA, *et al.*,

    *Defendants*.

_____/

**CLOSED CIVIL CASE**

FILED by _____ D.C.
DEC 2 1 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## FINAL ORDER OF DISMISSAL AND DISMISSAL OF ALL PENDING MOTIONS AS MOOT

**THIS CAUSE** came before the Court upon a *sua sponte* review of the Plaintiffs' Amended Complaint **[D.E. 33]**, filed December 13, 2005. While a *pro se* litigant's pleadings must be construed more liberally than those pleadings drafted by attorneys, this leniency does not require the Court to rewrite an otherwise deficient pleading in order to sustain an action. *See Haines v. Kerner*, 404 U.S. 519, 520.21 (1972); *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). And the Court shall not do so in this instance. Before this matter was transferred to the undersigned, the presiding judge, the Honorable Cecilia M. Altonaga, required the Plaintiffs to amend their Complaint to no more than fifty (50) double-spaced pages **[D.E. 30]**. The result is that the original morass of a Complaint consisting of over two hundred (200) unwieldy pages, has been reduced to a fifty (50) plus page, morass of a Complaint.

    Federal Rule of Civil Procedure 8(a)(2) specifically provides that a pleading *inter alia*, must contain a short and plain statement of the claim showing that the pleader is entitled to relief.

Page 1 of 3

The most recent incarnation of this Complaint reads like a supermarket tabloid recounting the alleged exploits of pop culture icons, and the companies that bring their entertainment to the masses. An amusing read on some level, but not one sentence contained therein demonstrates that the Plaintiffs have been injured and are entitled to some relief.

In addition to failing to present a claim for relief, the Plaintiffs' Complaint has taken the commonly referred to "shotgun" approach to pleading. This is a violation of the time honored one-claim-per-count rule. *See* Fed. R. Civ. P. 10(b); *Cesnick v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996); *Anderson v. District Bd. of Trustees of Central Florida Community College*, 77 F.3d 364 (11th Cir. 1996); *L.S.T., Inc. v. Crow,* 49 F.3d 679, 684 (11th Cir. 1995). Each "count" contains numerous allegations of wrongdoing by the Defendants. These "allegations" are nothing more than sensational accusations that bear no relationship to each other, or the parties accused. To provide the Court with some legal bases for their claims, the Plaintiffs also refer to a series of statutes that have allegedly been violated. Some of these statutes are known to the Court and others remain to be conceived of, passed by the legislative branch of government, and sign into law by the President of the United States. The Court cannot fathom how the Defendants, or anyone for that matter, can begin to discern what wrongdoing the Defendants are accused of and more importantly, how to defend against these "allegations." Simply put, the Plaintiffs' Amended Complaint is legally deficient in all respects.

Based upon the foregoing, it is hereby,

**ORDERED AND ADJUDGED** that the Plaintiffs' Complaint is **DISMISSED**. The Clerk of the Court shall **CLOSE** this matter and **DENY ANY PENDING MOTIONS AS MOOT.**

**DONE AND ORDERED** in chambers in Miami, Florida, this 21 day of December, 2005.

                                            THE HONORABLE MARCIA G. COOKE
                                            UNITED STATES DISTRICT COURT JUDGE

cc: *All Counsel of Record*

Aisha Goodison, *pro se*